CHRISTOPHER C. HULING and others v. AVIS A. FENNER.

The word *relations*, in its widest extent, embraces persons of every degree of consanguinity, and extends to all persons who are descended from the same common ancestors. *Hence*, where R. G. H. devised his estate as follows:—"I give, devise and bequeath unto my wife, M. H., all and singular my property and estate, both real and personal, for and during the term of her natural life, with full power to devise and bequeath the same, or any part thereof, to my relations of the Huling family as she shall in her discretion select": and his wife, the said M. H., who was his cousin-german, by her will devised the estate in question to her niece, A. E. F., for life, said A. E. F. being a granddaughter of a sister of the father of R. G. H., and niece of his said wife; *it was held* that the devise was a valid execution of the power conferred upon M. H. by the will of R. G. H.

EJECTMENT to recover certain premises in the town of East Greenwich, of the defendant. At the trial of the case before Mr. Justice Potter and a jury at the last term of the Supreme Court for this county, the defendant offered in evidence the wills of Ray G. Huling and of Mary Huling, the essential parts of which are set out in the opinion of the court, and thereupon moved that the plaintiff be non-suited, which motion was granted by the court, whereupon the plaintiff filed his petition for a new trial, which was heard upon alleged error of the court in granting said non-suit.

*Parkhurst and Cobb, for the plaintiff,* cited *Greenwood* v. *Greenwood*, 1 Bro. C. C. 367 ; 2 Sugden on Powers, Chap. 14, § 1; 2 Redfield on Wills, 421 ; 2 Jarman on Wills, (4th ed.) side page, 62 ; *Pope* v. *Whitcomb,* 3 Mer. 689.

*James Tillinghast, for the defendent,* cited 2 Sugden on Powers, Chap. 13, § 2 ; *Harding* v. *Glynn,* 1 Atk. 469 ; *Wright* v. *Atkins,* 17 Ves. 255, 19 Ves. 302 ; *Brown* v. *Higgs,* 5 Ves. 501 ; *Spring, dem. Titcher* v. *Biles,* as cited in *Swift* v. *Grayson,* 1 Term, 435, 6, 7, and note f ; *Forbes and wife* v. *Ball et al.* 3 Mer. 436 ; *Grant* v. *Lyman,* 4 Russ. 292 ; *Cruwys* v. *Coleman,* 9 Ves. 319 ; 2 Story's Eq. Juris. § 1071 ; *Pyot* v. *Pyot,* 1 Ves. Sr. 335, as cited in 2 Jarman on Wills, 62, 63. He contended that *Grant* v. *Lyman,* 4 Russ. 292, was a parallel case to the one at bar.

BRAYTON, C. J.   Ray G. Huling, in and by his last will and testament, made and executed in March, 1846, devised his estate as follows:—

" I give, devise and bequeath unto my wife, Mary Huling, all and singular my property and estate, both real and personal, for and during the term of her natural life, with full power to devise and bequeath the same, or any part thereof, to such of my relations of the Huling family as she shall in her discretion select, and any will by her duly made and executed, devising or bequeathing such estate, real or personal, shall have the same force and effect as if she, my said wife, were seized and possessed of the same in fee simple."

Mary Huling, by her last will and testament, duly executed on the 14th day of October, 1858, devised to her niece, Avis Eliza Fenner, the estate in question for life, and after her to her son, Thomas James Fenner, in fee, but if he died without issue, then at his death to Charles C. Huling, in fee.

The testator, Ray G. Huling, his wife Mary, the donee of the power, and Avis Ann Fenner, the devisee under the power, are all lineal descendants of Alexander Huling by different children, viz., his son Andrew, and one of his daughters, Avis. The testator was the son of Andrew.   Mary Huling, his wife, was the daughter of Avis Huling Donnison, and the devisee, Avis Ann Fenner, is the grand-daughter of the same Avis, and daughter of Elizabeth Donnison, and niece of said Mary Huling. The testator is two degrees removed from the proprietors, and the devisee under the power is three degrees removed.

The question submitted to us is, whether the devise to the defendant, Avis Ann Fenner, made in and by the last will and testament of Mary Huling, the donee of the power, is a valid execution of the power conferred ?

It is objected, that the person to whom the appointment is made is not one of the relations of the donor, Ray G. Huling, of *the Huling family*, within the meaning of the power.   The word *relations*, in its widest extent, embraces persons of every

degree of consanguinity. When not restricted in its meaning by other words, it extends to all persons who are descended from the same common ancestors. It is synonymous with " kindred," and is expressed also by the word " family," in its largest sense. And because the objects embraced by it are so illimitable, gifts to " relations," unless the terms were restricted, would be void for uncertainty. 2 Jarman on Wills, 33 ; Wms. on Executors, 343 ; *Cruwys* v. *Colman,* 9 Ves. 319.

The appointee is thus related, and might, in the contingency that the testator had died intestate, leaving no ancestor nor any brother or sister or their descendants, have become an heir to this estate as a descendant of the testator's aunt, Avis Huling. In a contingency, she might have been next of kin when this power was executed, though in the contingency that has happened she was not. The testator had other relations, other kindred of another family, than that of his name. To no one of these could the appointment be made. But by the terms of this power, there is no word to limit the selection which the donee might make among the testator's kin,—kindred,—those having in common with him any of the blood of the Huling stock. The power then is broadly given, to devise to any one who, being of the Huling blood, could in any contingency inherit the estate.

But it is claimed that this power of selection is nevertheless by law limited and confined to those who may be next of kin at the testator's death, and who would take by descent had the testator died intestate. This claim is supposed to be countenanced and supported by those cases where the power of appointment has not been executed, and in which the courts hold that the devise of the power creates a trust for that class among which the selection is to be made. In these cases, where the power is to devise to relations, and the power has not been exercised, it has been held that the trust shall not be extended to *all* kindred, however remote, because a range so illimitable would render the trust uncertain and difficult, if not impossible of execution ; but shall be limited to those who are next of kin, according to the statute of distribution in England, or, which is

the same thing here, the statute of descents. If the power be executed, then the object is made certain and definite, and the objection of uncertainty ceases. If the power be not exercised, then the trust must be held void for uncertainty, or, as a devise directly to relations, it must be thus limited; and the court have taken the alternative, to limit the trust rather than to hold it void. They distinguish between the trust and the appointment.

None of these cases hold that the appointment is thus limited. The principle is thus stated in *Grant* v. *Lyman*, 4 Russ. 292 : " Where the author of the power uses the term " relations," and the donee does not exercise the power, here the court will adopt the statute of distributions as a convenient rule of construction, and will give the property to the next of kin, but the donee of the power has a right of selection among the relations of the donor, although not within the degree of next of kin," and it was said also, the same rule has been applied to personal estate where the word " family " has been used in the place of "relations." The power in this case was to give and dispose after her decease " with *the limitation and condition of her bequeathing the same to any one of my family she may think fit.*" The appointee was not next of kin, but one degree removed. The appointment was held good in the case of *Harding* v. *Glyn*, 1 Atk. 469. The power was " to give unto and amongst such of my own relations as she shall think most deserving and approve." The donee of the power devised part of the estate to a relation by the name of Swindal, not of the family name of the testator, leaving the power unexecuted as to the residue. The case deals with the undisposed property, holding it as a trust for the next of kin, and not dealing with the devise to Swindal, because that was held to be a good appointment. That the name was different from that of the testator was held to be no objection. It is not necessary, therefore, to the validity of a gift under the power, that the devisee should be next of kin to the donor, nor that he should bear the family name. Sufficient is it that he be of kin by the blood of the Huling stock.

We must adjudge, therefore, the power to have been well executed, and the devise to the defendant good and valid.

*New trial denied.*